J-S05039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANTO MANCUSO | : | |
| | : | |
| Appellant | : | No. 3185 EDA 2019 |

Appeal from the PCRA Order Entered October 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003330-2012

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JUNE 8, 2021**

Santo Mancuso appeals from the order denying relief on his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Mancuso argues he was deprived effective assistance of trial counsel because counsel failed to disclose a conflict of interest, call two potential trial witnesses, and state with specificity the grounds for his objection to certain testimony. We affirm.

Mancuso fatally stabbed Joseph Testa within the first minutes of New Year's Day, 2012. The stabbing occurred during a confrontation between Mancuso's family, including his sister and brother-in-law—Lisa and Michael Guagenti—and the victim's family, including Trisha and Jamie Leone and James Testa. At Mancuso's jury trial, Mancuso had argued that the victim's family members were the aggressors in the conflict, and that he had acted in self-defense and in the defense of his family.

The jury found Mancuso guilty of third-degree murder and possessing an instrument of a crime.[1] The court sentenced him to mandatory life imprisonment, as this was Mancuso's second conviction for third-degree murder, and a concurrent two to five years' imprisonment. We affirmed the judgment of sentence, and, on February 18, 2015, the Supreme Court denied Mancuso's petition for allowance of appeal.

Mancuso timely filed the instant PCRA petition, his first, on December 3, 2015.[2] Mancuso also filed an amended petition and supplemental amended petition, after which the PCRA court sent Mancuso notice of its intent to dismiss the petition without a hearing. Mancuso submitted a response, and the court dismissed the petition.

Mancuso appealed, raising the following:

1. Did the PCRA court abuse its discretion by dismissing [Mancuso's] PCRA Petition with[out a] hearing where Mancuso properly pled and proved that trial counsel was ineffective for failing to disclose a conflict of interest?

2. Did the PCRA Court abuse its discretion by dismissing [Mancuso]'s PCRA Petition with[out a] hearing where h[e] properly pled and proved that trial counsel was ineffective for failing to call known witnesses?

_____

[1] **See** 18 Pa.C.S.A. §§ 2502(c) and 907(a), respectively.

[2] The trial judged recused herself from the PCRA proceedings, and the case was re-assigned to another judge.

- 2 -

Mancuso's Br. at 2 (suggested answers omitted). In his Statement of the Questions Involved, Mancuso submits a third issue, identical to his first issue; however, in his table of contents, Mancuso identifies the third issue as follows:

> [3.] [Did] the PCRA court [abuse] its discretion in denying [Mancuso's] petition where he met his burden of pleading and proving [trial counsel] was ineffective for failing to specify the grounds for his objection at trial[?]

*Id.* at ii.

We review the denial of PCRA relief to determine whether it is supported by the record evidence and free of legal error. *Commonwealth v. Ligon*, 206 A.3d 515, 518 (Pa.Super. 2019). An evidentiary hearing is not required when no material facts are in dispute. *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018).

Each of Mancuso's issues involve allegations of ineffective assistance of trial counsel. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii). A petitioner bears the burden of proving counsel's ineffectiveness, by pleading and proving that, "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." *Ligon*, 206 A.3d at 519 (quoting *Commonwealth v. Grove*, 170 A.3d 1127, 1138 (Pa.Super. 2017)). "A failure to plead or prove any prong will defeat an ineffectiveness claim." *Id.*

Mancuso first argues that trial counsel was ineffective for failing to disclose a conflict of interest. Mancuso alleges that trial counsel simultaneously represented Anthony Staino, an acquaintance of the victim's nephew, James Testa, in an unrelated federal prosecution. Mancuso asserts that trial counsel represented him from January 2012 through February 2013, and that counsel represented Staino during an overlapping time, between October 2012 and January 2013. Mancuso claims he proffered a witness who would testify he observed trial counsel regularly having lunch with Staino and James Testa. Mancuso also claims he proffered testimony that Testa had attended Staino's trial, and counsel had denied knowing the reason why.

Mancuso further claims that he proffered testimony that after he retained counsel, counsel advised his family not to press charges against the Testas. Mancuso argues this prevented him from proving the Testas were the aggressors in the dispute because there was no police report formally documenting his family's version of the event. According to Mancuso, whether counsel was affected by a conflict of interest was a genuine question of material fact that entitled him to an evidentiary hearing.

A petitioner alleging a conflict of interest must plead and prove that counsel actively represented conflicting interests and that the actual conflict adversely affected counsel's performance. ***Commonwealth v. Cousar***, 154 A.3d 287, 310 (Pa. 2017). Clients' interests conflict "when they diverge with respect to a material factual or legal issue or course of action." ***Id.***

Mancuso has failed to allege an actual conflict of interest. Mancuso has not claimed that counsel ever represented James Testa or that Testa played any role in the case that counsel was handling for Staino. Perhaps more to the point, he has never explained how he believes Mancuso's and Staino's interests "diverge with respect to a material factual or legal issue or course of action." *Id.* Instead, he has insinuated that counsel had divided loyalties, without making any concrete allegations of an active representation of conflicting interests. No relief is due.

Mancuso next argues that his trial counsel was ineffective for failing to call his sister and brother-in-law, Lisa and Michael Guagenti, to testify at trial. Mancuso alleges that they would have testified that the victim's family initiated and escalated the confrontation, that they sustained injuries in the fight, and that Mancuso had been acting in self-defense and in defense of his family. Mancuso also claims that it was ineffective assistance not to call the Guagentis to testify after counsel told the jury they would be testifying, and because the jury heard their voices in the background of the 911 call without hearing their direct testimony.

Mancuso asserts the testimony would not have been merely cumulative of that of Mancuso's mother, who "could not testify as to what the Guagenti's meant on the 911 tape or to [Lisa] Guagenti's treatment at the hospital." Mancuso's Br. at 12-13. Mancuso also argues their testimony was necessary because "the sole issue at trial was the Commonwealth's witnesses' credibility." *Id.* at 11. Mancuso claims the Guagentis did not have criminal

records that could be used for impeachment, and that their testimony would have altered the outcome of trial.

A petitioner arguing counsel was ineffective for failing to call a witness must demonstrate:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the [petitioner] a fair trial.

***Commonwealth v. Brown***, 196 A.3d 130, 167 (Pa. 2018) (quoting ***Commonwealth v. Washington***, 927 A.2d 586, 599 (Pa. 2007)). "[C]ounsel is not ineffective for failing to pursue cumulative evidence." ***Commonwealth v. Showers***, 782 A.2d 1010, 1022 (Pa.Super. 2001).

The PCRA court concluded that Mancuso was not prejudiced by counsel's decision not to call these witnesses, as their testimony would have been cumulative to the testimony of Mancuso's mother. We agree that Mancuso has failed to establish trial counsel was ineffective for failing to call the Guagentis.

Mancuso's mother testified that Trisha Leone, a relative of the Testas, started the fight by approaching Lisa Guagenti. Michael Guagenti tried to break up the fight. James Testa approached and punched him in the face, and punched Mancuso when he also approached. Mancuso fell, and the victim approached and started kicking Mancuso in the head. Mancuso's mother approached, and James Testa threw her to the ground. The Testas blocked her attempt to retreat to her house, and James Testa threatened her. Mancuso

brandished a knife at them, and Mancuso's mother went into her house. She did not witness the stabbing. N.T., 2/21/13, at 68-72. Mancuso also presented other testimony and medical records detailing the extent of the injuries he and his mother had sustained that night. *Id.* at 37-63.

Mancuso has not specified in what manner the Guagentis' proffered testimony would differ from the above evidence. Although Mancuso asserts the Guagentis should have been able to explain their injuries to the jury, the testimony of Mancuso's mother described the physical attacks on the Guagentis by Trisha Leone, the victim, and James Testa. Mancuso also complains the Guagentis should have had the opportunity to explain their statements during the 911 call, but his brief does not set forth what the Guagentis' proposed testimony regarding the 911 call would have been and explain how it was not cumulative. His argument on this score is therefore undeveloped and waived. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007).

In any event, we have reviewed the affidavits Mancuso submitted in connection with his petition and supplemental filings and have found his argument meritless. In Michael Guagenti's affidavit, he describes the incident much like Mancuso's mother did. *See* Memorandum of Law in Support of Petition for Relief Pursuant to the Post Conviction Relief Act, filed 12/3/15, Attachment D at 1. He adds that as Mancuso's mother was entering the fray, Jamie Leone struck him from behind, and he fell inside the house. *Id.* He also saw the victim and James Testa blocking Mancuso's mother from entering the

house; he did not witness the stabbing. *Id.* Lisa Guagenti's affidavit paints a similar picture, adding that Jamie Leone also punched her in the face when she was entering the house. *Id.* at Attachment E at 1. As the proffered testimony was cumulative of that offered by Mancuso's mother, we cannot say that the absence of this testimony was so prejudicial as to have denied Mancuso a fair trial.

In his final issue, Mancuso argues that counsel was ineffective for failing to state with particularity his grounds for objecting to certain testimony. Mancuso cites two portions of trial testimony. *See* Mancuso's Br. at 13-14. In the first, James Testa testified that while he was on the phone with 911 after the stabbing, Michael Guagenti "was at his front door threatening to kill [him]." N.T., 2/20/13, at 32. Immediately prior to the testimony, the prosecutor asked Testa if he could hear someone yelling in the background of the 911 call, and counsel objected, stating, "I would object to the prosecutor making characterizations about the call. The call is the call and the voices are the voices." *Id.* The court overruled the objection, "to the extent that [the prosecutor may] ask whose voice it is." *Id.* The prosecutor then asked Testa to explain what was happening during the call, counsel said, "Objection," and the court responded, "Overruled." *Id.* Testa then testified that Guagenti had threatened him while he was calling 911.

In the second portion of testimony cited by Mancuso, a police detective testified that he had received information that Michael Guagenti had brandished a weapon after the stabbing, and that the police had recovered a

club during a search of Guagenti's house. ***See id.*** at 98-100. Immediately prior to the testimony, the prosecutor asked why the detective had searched the residence, and counsel objected on hearsay grounds. The court overruled the objection, on the basis that the testimony would explain the course of the detective's investigation. ***Id.*** at 98. The detective then testified that witnesses had told him that Michael Guagenti had made threats and brandished a weapon.

Mancuso argues that the testimony was inadmissible, as threats by a third-party are not admissible where there was no evidence that the defendant knew of and authorized the threats. ***See*** Mancuso's Br. at 14 (citing ***Commonwealth v. Johnson***, 838 A.2d 663, 680 (Pa. 2003) (stating threats by third parties may be admissible as "nonhearsay" where there is evidence the defendant knew of and authorized the threat). Mancuso claims counsel was ineffective because he failed to articulate these grounds for his objection, and thus failed to preserve the issue for appellate review. Mancuso's Br. at 14. Mancuso asserts his trial counsel could have had no reasonable basis for failing to preserve the objections, and that the admission of the testimony prejudiced him.

Mancuso has failed to demonstrate ineffectiveness. Mancuso did not pursue the admissibility of this evidence in post-sentence motions or on direct appeal, such that neither the trial court nor this Court ever found the issues waived, and Mancuso does not claim that trial counsel was ineffective for failing to object. We therefore are hard-pressed to find prejudice. Moreover,

the PCRA court found that, given the context, counsel had clearly objected on both relevancy and hearsay grounds. PCRA Ct. Op., filed 5/29/20 at 5. We affirm the order of the PCRA court denying relief.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/08/2021